Filed 5/18/16  P. v. Plata CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID PLATA,<br><br>    Defendant and Appellant. | 2d Crim. No. B267115<br>(Super. Ct. No. 2012017651)<br>(Ventura County) |

David Plata was subject to postrelease community supervision (PRCS) when he was arrested.  (Pen. Code, § 3451.)  He had an informal probable cause hearing before a probation officer.  Subsequently, the trial court found him in violation of PRCS. He contends, among other things, that the trial court erred because the PRCS revocation process violates his right to due process.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Plata was convicted of driving under the influence with a prior conviction (Veh. Code, §§ 23550.5, subd. (a), 23152) and petty theft with three prior convictions (Pen. Code, § 666 subd. (a)).  He was sentenced to two years eight months in state prison.

In November 2014, Plata was released on PRCS.

On July 13, 2015, Plata was arrested for violating his PRCS terms.

On July 15, 2015, a probable cause hearing was held before Probation Officer Venessa Meza. Meza found probable cause for finding Plata violated his PRCS conditions.

In the probation officer's written report for revocation of PRCS, the probation agency stated that Plata was advised of his right to counsel, that he denied the violation, "declined to accept" a "proposed sanction," and requested a court hearing.

On July 22, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS and scheduled a hearing date for July 30, 2015.

On July 27, 2015, Plata's counsel filed a motion to dismiss the petition. Plata claimed the revocation process violated his due process rights and cited *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*). On July 30, 2015, the trial court held a hearing on that motion. The court denied the motion.

On August 24, 2015, Plata appeared in court with his public defender and he submitted on the allegations in the petition alleging PRCS violations. The trial court found he violated PRCS and ordered him to serve 60 days in county jail with a total credit of 60 days.

On August 31, 2015, Plata was arrested for violating his PRCS conditions. He had a probable cause hearing before Meza on September 2, 2015. Meza found probable cause that Plata had violated his PRCS conditions.

On September 8, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS. The probation officer's written report for revocation indicated that Plata had been advised of his right to counsel, that he denied the violations, rejected a "proposed sanction," and demanded a court revocation hearing.

On September 15, 2015, Plata's counsel filed a motion "to dismiss the petition." Citing *Williams* and *Morrissey v. Brewer* (1972) 408 U.S. 472 (*Morrissey*), he claimed the PRCS revocation process violated due process.

On September 17, 2015, the trial court found that Meza conducted a probable cause hearing which was compliant with *Morrissey*, 2) the parole procedures set

2

forth in *Williams* do not apply to PRCS, and 3) there was no violation of Plata's due process rights. It denied the motion.

On the same day, the trial court held a PRCS revocation hearing. Plata admitted the PRCS violations. The court revoked his PRCS and ordered him to serve 110 days in the county jail with a total credit of 36 days.

DISCUSSION

Plata contends, among other things, that: 1) the process used to revoke his PRCS violated his right to due process; 2) he did not have a probable cause hearing that complied with *Morrissey* standards; 3) the PRCS process undercuts "the will of the electorate when it passed Proposition 9"; 4) the probation officer conducts only "a pro forma, ex-parte interview"; and 5) he was entitled to the procedures provided to parolees mentioned in *Williams*.

The PRCS procedures here do not violate Plata's equal protection or due process rights. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404.) After his arrest for violating PRCS conditions, Plata received a prompt probable cause hearing. (*Id.* at p. 402.) The PRCS hearing officers who decide probable cause are neutral decision makers. (*Morrissey*, *supra*, 408 U.S. at p. 485 ["someone not directly involved in the case"]; *Gutierrez*, at p. 402.) PRCS procedures and Proposition 9 parole procedures are not required to be identical. (*Gutierrez*, at pp. 403-404.) There are valid justifications for the different procedures. (*Ibid.*) Plata did not produce an adequate record to support his claims about how the hearing officers conduct the probable cause hearings. There are no reporter's transcripts of the September 17, 2015, motion to dismiss hearing and the revocation hearing. Plata has not cited to the record to show that he ever presented any evidence in the trial court to show that the hearing officers at the probable cause hearings are not neutral, that their findings are incorrect or unreliable, that the procedure was unfair, or that he was not afforded a prompt probable cause hearing after his arrest. He consequently is not in a position to challenge the trial court's finding that the probable cause hearings comply with *Morrissey* standards.

3

Moreover, the denial of a *Morrissey* compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) Plata makes no showing that a due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Moore* (1975) 45 Cal.App.3d 285, 294; see also *In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has the burden of showing prejudice].) Plata admitted the PRCS violations and served the custodial sanction. "[T]here is nothing for us to remedy . . . ." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.) We have reviewed his remaining contentions and we conclude he has not shown grounds for reversal.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

PERREN, J.

TANGEMAN, J.

4

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.