Filed 5/23/16  P. v. Powell CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>DRUE GENE POWELL,<br><br>　Defendant and Appellant. | 2d Crim. No. B267097<br>(Super. Ct. No. 2014028568)<br>(Ventura County) |

Drue Gene Powell was subject to postrelease community supervision (PRCS) when he was arrested.  (Pen. Code, § 3451.)  He had an informal probable cause hearing before a probation officer where he admitted his PRCS violations and waived his right to a revocation hearing.  Subsequently, the trial court found him in violation of PRCS after his counsel at a new hearing "submit[ted]" on the admissions Powell made at the probable cause hearing.  Powell contends, among other things, that the trial court erred because the PRCS revocation process violates his right to due process.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Powell was convicted of evading an officer.  (Veh. Code, § 2800.2, subd. (a).)  He was sentenced to 16 months in state prison.

On May 28, 2015, Powell was released on PRCS.  On July 14, 2015, Powell was arrested.

On July 16, 2015, a probable cause hearing was held before Probation Officer Venessa Meza. Meza found probable cause for finding Powell violated his PRCS conditions. Powell waived his right to counsel, admitted the violations, and agreed to a period of confinement for 90 days.

On July 16, 2015, the trial court held a hearing. Meza appeared and told the court that Powell had agreed to a custodial sanction. The court ordered Powell to be held in jail for a "Flash Incarceration" for violating his PRCS terms. It also found that Powell had "agreed to a 90-day sentence." The court told Powell, "You will get halftime for all the time you're serving, so you get 90 days actual. It's going to be 45 days." Powell responded, "Okay. Thank you." The court indicated that the Ventura County Probation Agency should file a petition for revocation of PRCS.

On July 24, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS. Powell's counsel filed a motion to dismiss the petition claiming the PRCS procedure violated his right to due process of law. Powell relied on *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*) and claimed he did not receive a probable cause hearing in compliance with *Morrissey v. Brewer* (1972) 408 U.S. 472 (*Morrissey*.) On July 30, 2015, the trial court denied the motion and found the PRCS procedure Powell received complied with his "due process rights" and *Morrissey* standards.

At the hearing Powell's counsel told the trial court, "Mr. Powell previously signed a revocation for 90 days with probation. We've spoken with the court regarding that. *I'll submit on his previous signature and revocation filed by probation*." (Italics added.)

The trial court found Powell had "waived his rights and admitted the violation." It approved the 90-day custodial sanction.

DISCUSSION

Powell contends, among other things, that: 1) the process used to revoke his PRCS violated his right to due process, 2) he did not have a probable cause hearing that complied with *Morrissey* standards, 3) the PRCS process undercuts the will of the electorate when it passed Proposition 9, 4) the procedure used by the probation officer at

2

the probable cause hearing was unfair, 5) Meza was not neutral, and 6) he was entitled to the procedures provided to parolees mentioned in *Willlams*.

The PRCS procedures here do not violate Powell's equal protection or due process rights. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404.) After his arrest for violating PRCS conditions, Powell received a prompt probable cause hearing. (*Id*. at p. 402.) The PRCS hearing officers who decide probable cause are neutral decision makers. (*Morrissey*, *supra*, 408 U.S. at p. 485 ["someone not directly involved in the case"]; *Gutierrez*, at p. 402.) PRCS procedures and Proposition 9 parole procedures are not required to be identical. (*Gutierrez*, at pp. 403-404.) There are valid justifications for the different procedures. (*Ibid.*) Powell did not produce a record to support his current claims on appeal. He did not present evidence in the trial court to show that PRCS hearing officers at the probable cause hearings are not neutral, that their findings are incorrect or unreliable, that the procedure was unfair, that he was not afforded a prompt probable cause hearing after his arrest, or that he did not violate his PRCS conditions. Powell consequently is not in a position to challenge the trial court's findings that the PRCS probable cause hearings comply with *Morrissey* standards and his due process rights were not violated.

Moreover, the denial of a *Morrissey* compliant probable cause hearing does not warrant reversal unless it results in prejudice. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) Powell makes no showing that a due process defect or any alleged defect prejudiced him. (*In re Moore* (1975) 45 Cal.App.3d 285, 294; see also *In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has the burden of showing prejudice].) Powell *admitted* the PRCS violations. He waived his right to testify, to call witnesses and to have a revocation hearing. Moreover, at the July 30 hearing, Powell's counsel *did not challenge Powell's admissions that he violated PRCS*. She made no claim that his admissions were not voluntary, that the PRCS procedure was unfair, or that he was not in violation of PRCS. Instead, she said, "*I'll submit on his previous signature and revocation* filed by probation." (Italics added.) Powell has made no showing of any trial court error. Moreover, he has served the custodial sanction. "[T]here is nothing for us to

remedy . . . ."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)  We have reviewed his remaining contentions and we conclude he has not shown grounds for reversal.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____


Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.