Filed 5/24/16  P. v. Lovio CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD LOVIO,<br><br>    Defendant and Appellant. | 2d Crim. No. B266809<br>(Super. Ct. No. 2013009607)<br>(Ventura County) |

Richard Lovio was subject to postrelease community supervision (PRCS) when he was arrested.  (Pen. Code, § 3451.)  He had an informal probable cause hearing before a probation officer.  Subsequently, the trial court found him in violation of PRCS.  He contends, among other things, that the trial court erred because the PRCS revocation process violates his right to due process.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Lovio was convicted of possession of a firearm (Pen. Code, § 29800, subd. (a)(1)) and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).  He was sentenced to 16 months in state prison.

On July 8, 2014, Lovio was released on PRCS.

On February 18, 2015, Lovio was arrested for violating his PRCS terms.

On February 20, 2015, a probable cause hearing was held before a probation officer who found probable cause that Lovio violated his PRCS conditions. On February 25, 2015, the Ventura County Probation Agency filed a petition to revoke his PRCS.

On March 12, 2014, Lovio's counsel filed a motion to dismiss the petition citing *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*) and alleging the PRCS procedure violated his due process rights. On March 13, 2015, the trial court denied the motion. It found his probable cause hearing complied with the due process protections in *Morrissey v. Brewer* (1972) 408 U.S. 472 (*Morrissey*).

At a PRCS revocation hearing on March 25, 2015, Lovio submitted on the violations alleged in the petition. The trial court revoked his PRCS and ordered him to serve 90 days in county jail with a total credit of 72 days.

On June 26, 2015, Lovio was in custody for violating his PRCS conditions. On June 29, 2015, he had a probable cause hearing before Probation Officer Venessa Meza. Lovio denied the violations, was advised of his right to counsel, declined to accept a proposed sanction, and demanded a court hearing. Meza found probable cause that Lovio violated his PRCS conditions.

On July 2, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS and scheduled a hearing date for July 16, 2015.

On July 15, 2015, Lovio's counsel filed a motion to dismiss the petition. Citing *Williams*, Lovio claimed the PRCS revocation process violated his due process rights. The trial court denied the motion.

On July 16, 2015, Lovio appeared in court with his public defender and submitted on the allegations of the petition finding PRCS violations. The trial court found he violated PRCS. It ordered him to serve 150 days in county jail with a total credit of 42 days.

DISCUSSION

Lovio contends, among other things, that: 1) the process used to revoke his PRCS violated his right to due process, 2) he did not have a probable cause hearing that complied with *Morrissey* standards, 3) the probation officers conduct inadequate probable cause hearings, 4) their goal "is to obtain a waiver and to move [defendants] as quickly and as cheaply as possible to revocation and jail," 5) the probation officers are not neutral, and 6) he was entitled to the same procedures provided to parolees mentioned in *Williams*.

The PRCS procedures here do not violate Lovio's equal protection or due process rights. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404.) After his arrest for violating PRCS conditions, Lovio received a prompt probable cause hearing. (*Id.* at p. 402.) The PRCS hearing officers who decide probable cause are neutral decision makers. (*Morrissey, supra*, 408 U.S. at p. 485 ["someone not directly involved in the case"]; *Gutierrez*, at p. 402.) PRCS procedures and parole procedures are not required to be identical. (*Gutierrez*, at pp. 403-404.) There are valid justifications for the different procedures. (*Ibid.*) Lovio did not produce an adequate record to support his claims about how the hearing officers conduct the probable cause hearings. He did not introduce evidence in the trial court to show that the hearing officers are not neutral, that their findings are incorrect or unreliable, that the procedure was unfair, or that he was not afforded a prompt probable cause hearing after his arrest. He consequently is not in a position to challenge the trial court's finding that his probable cause hearings complied with *Morrissey* standards.

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) Lovio makes no showing that a due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Moore* (1975) 45 Cal.App.3d 285, 294; see also *In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has the burden of showing prejudice].) Lovio submitted

3

on the PRCS violations at the revocation hearings and served the custodial sanctions. "[T]here is nothing for us to remedy . . . ."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)  We have reviewed his remaining contentions and conclude he has not shown grounds for reversal.

### DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____


Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.