Filed 5/31/16  P. v. Wettig CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLAYTON WETTIG,<br><br>    Defendant and Appellant. | 2d Crim. No. B266655<br>(Super. Ct. No. 2012007990)<br>(Ventura County) |

Clayton Wettig was subject to postrelease community supervision (PRCS) when he was arrested.  (Pen. Code, § 3451.)  He had an informal probable cause hearing before a probation officer.  Subsequently, the trial court found him in violation of PRCS. He contends, among other things, that the trial court erred because the PRCS revocation process violates his right to due process.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Wettig pled guilty to unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), felony evading an officer (*id.*, § 2800.2, subd. (a)), and resisting or obstructing an officer (Pen. Code, § 148, subd. (a)(1)).  He was sentenced to three years in state prison.

In 2013, Wettig was released on PRCS.

Wettig repeatedly violated his PRCS conditions.  He had served two "flash incarcerations" and had five prior "revocations" of PRCS.  On June 23, 2015, Wettig was arrested again for violating his PRCS conditions.

On June 25, 2015, a probable cause hearing was held before Probation Officer Venessa Meza. Meza found probable cause for finding that Wettig violated his PRCS conditions.

In the probation officer's written report for revocation of PRCS, the probation agency stated that Wettig was advised of his right to counsel, denied the violation, "declined to accept" a "proposed sanction," and requested a court hearing.

On July 1, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS and scheduled a hearing date for July 9, 2015.

On July 9, 2015, Wettig's counsel filed a motion to dismiss the petition. Wettig claimed the revocation process violated his due process rights, and cited *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*). On July 9, 2015, the trial court held a hearing on that motion. The court denied the motion. On that same day, Wettig appeared in court with his public defender and admitted the PRCS violations. The court ordered him to serve 90 days in county jail with a total credit of 32 days.

The trial court found that 1) Meza conducted a probable cause hearing that was compliant with *Morrissey v. Brewer* (1972) 408 U.S. 472 (*Morrissey*); 2) the parole procedures set forth in *Williams*, *supra*, 230 Cal.App.4th 636 do not apply to PRCS; and 3) there "has been no violation of [Wettig's] due process rights."

DISCUSSION

Wettig contends, among other things, that 1) the process used to revoke his PRCS violated his right to due process, 2) he did not have a probable cause hearing that complied with *Morrissey* standards, 3) Meza used a procedure that was "nothing more than an ex parte early disposition conference," 3) he was not given an adequate opportunity to present evidence at the probable cause hearing, and 4) he was entitled to the procedures provided to parolees mentioned in *Williams* and the procedural rights parolees receive under Proposition 9.

The PRCS procedures here do not violate Wettig's equal protection or due process rights. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404.) After his arrest for violating PRCS conditions, Wettig received a prompt probable cause hearing. (*Id*. at

2

p. 402.)  The PRCS hearing officers who decide probable cause are neutral decision makers. (*Morrissey*, *supra*, 408 U.S. at p. 485 ["someone not directly involved in the case"]; *Gutierrez*, at p. 402.)  PRCS procedures and Proposition 9 parole procedures are not required to be identical.  (*Gutierrez*, at pp. 403-404.)  There are valid justifications for the different procedures.  (*Ibid.*)  Wettig did not present evidence in the trial court to support his factual assertions about how the probable cause hearing was conducted.  He did not present evidence to show that the hearing officers are not neutral, that their findings are incorrect or unreliable, that the procedure was unfair, or that he was not afforded a prompt probable cause hearing after his arrest.  He consequently is not in a position to challenge the trial court finding that the hearings comply with *Morrissey* standards.

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing.  (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.)  Wettig makes no showing that a due process defect prejudiced him or affected the outcome of the PRCS revocation hearing.  (*In re Moore* (1975) 45 Cal.App.3d 285, 294; see also *In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has the burden of showing prejudice].)  He admitted the PRCS violations and served the custodial sanction.  "[T]here is nothing for us to remedy . . . ."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)  We have reviewed his remaining contentions and conclude he has not shown grounds for reversal.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

3

Donald D. Coleman, Judge

Superior Court County of Ventura

_____


Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.