[Crim. No. 18298. In Bank. Mar. 6, 1975.]

In re RAY L. WINN on Habeas Corpus.

## COUNSEL

Roderick P. Bushnell, under appointment by the Supreme Court, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Brian F. Taugher, Roger E. Venturi and Allen R. Crown, Deputy Attorneys General, for Respondent.

## OPINION

**WRIGHT, C. J.**—Petitioner Ray L. Winn seeks a writ of habeas corpus claiming he is illegally incarcerated following alleged parole violations without having been accorded parole revocation hearings as mandated by *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593] and *In re La Croix* (1974) 12 Cal.3d 146 [115 Cal.Rptr. 344, 524 P.2d 816]. We hold petitioner is not entitled to relief since probable cause to suspend parole and hold only a full revocation hearing was established on the basis of two convictions each charged as independent grounds for revocation, thereby obviating the need for a prerevocation hearing on a third stated basis as to which no crime had been found.

Petitioner was convicted in 1962 of two counts of second degree burglary (Pen. Code, § 459) and was sentenced to state prison for the term prescribed by law. Following several releases on parole and revocations thereof petitioner's term was refixed at 12 years. He was last released on parole July 13, 1971. Conditions for such release included, among others, that he refrain from owning, selling or possessing any deadly weapon or firearm and avoid association with individuals of bad reputation.

On November 23, 1972, while on parole, petitioner was arrested in Yolo County and charged with possession of a firearm by a felon. (Pen. Code, § 12021.) He was released on bail and was not placed on parole hold. On December 6, 1972, he was again arrested after parole officers entered his Sacramento County apartment and found two firearms. He was again charged with possession of firearms by a felon and was placed on parole hold.

Later in December 1972, the Sacramento County firearm charges were dismissed, apparently for lack of evidence that petitioner owned or controlled the weapons. He was convicted in that county, however, of two counts of driving with a suspended license (Veh. Code, § 14601) and one count of reckless driving (Veh. Code, § 23103). After serving a jail sentence on these convictions, he was returned to Yolo County, pleaded guilty to the pending firearm possession charge and was sentenced to a term in the county jail on May 11, 1973.

On May 17, 1973, petitioner was served with notice charging the following four counts of parole violation: count 1, possession of a firearm on November 23, 1972 (Yolo County); count 2, possession of a rifle and revolver on December 6, 1972 (Sacramento County); count 3, association with a person of bad reputation;[1] count 4, arrest for driving with a suspended license.

Petitioner's parole was suspended on May 24, 1973, and he was returned to state prison without having had a prerevocation hearing on any of the counts. He received notice of a formal revocation hearing on July 3 and the hearing took place on September 13. Petitioner pleaded not guilty as to each count. The Adult Authority (Authority) found him guilty of counts 1, 2 and 4 and not guilty of count 3 and ordered revocation of his parole.

■ Petitioner asserts that the Authority's failure to hold a prerevocation hearing on the second count of the parole violations (possession of firearms in Sacramento County) is contrary to procedural due process requirements of *Morrissey* and necessitates full reconsideration by the Authority of its decision to revoke parole. We disagree for the reasons which follow.

Petitioner's guilt of the conduct charged in counts 1 and 4 was independently determined by courts of competent jurisdiction and he was, therefore, precluded from relitigating the fact of his misconduct in the revocation proceeding. (*Morrissey* v. *Brewer, supra,* 408 U.S. 471, 490 [33 L.Ed.2d 484, 499]; *In re La Croix,* 12 Cal.3d 146, 154-155 [115 Cal.Rptr. 344, 524 P.2d 816].) Although these convictions do not necessarily encompass a probable cause determination as envisioned by *Morrissey's* prerevocation hearing procedure (*In re La Croix, supra,* 12 Cal.3d 146, at p. 152; *In re Law* (1973) 10 Cal.3d 21, 27 [109 Cal.Rptr. 573, 513 P.2d 621]), the failure to hold such a hearing on counts 1 and 4

---

[1]This charge arose from the Sacramento County firearms possession incident.

was harmless beyond a reasonable doubt (*Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710, 87 S.Ct. 824, 24 A.L.R.3d 1065]) as petitioner, who has the burden of showing prejudice, makes absolutely no such showing. (*In re La Croix, supra*, 12 Cal.3d 146, 154.)

Since petitioner was, therefore, properly held for formal revocation proceedings on either count 1 or 4, we conclude that the failure to conduct a prerevocation hearing on count 2, the count as to which criminal charges were dismissed, does not compel reconsideration of petitioner's parole revocation. The United States Supreme Court in *Morrissey* explained that the purpose of a prerevocation hearing is "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." (*Morrissey* v. *Brewer, supra*, 408 U.S: 471, 485 [33 L.Ed.2d 484, 497].) Neither *Morrissey* nor *LaCroix* requires the holding of prerevocation hearings on *all* charges to be considered at a final revocation hearing, and no impropriety occurs where there is either a prerevocation determination that there is probable cause to believe that at least one violation has occurred, or it appears as here that the parolee was, without prejudice, properly held for a formal revocation hearing as to at least one violation.[2]

█ We also note that even if a prerevocation hearing were required on count 2, its omission would not compel reconsideration of the Authority's action in the instant case since petitioner makes no showing of prejudice. (*In re La Croix, supra*, 12 Cal.3d 146, 154.) Petitioner had notice of the charge and had an opportunity to contact witnesses. Two witnesses appeared and testified at the full revocation hearing. Two other witnesses, petitioner's mother and common law wife, were requested but did not appear. However, the mother could not have provided exculpatory testimony on count 2 since she was not present when the weapons were found in the Sacramento County apartment. Furthermore, although petitioner claimed his wife owned one of the weapons found in the apartment, at the hearing he admitted occasionally staying in the

[2]We additionally note that the prerevocation hearing affords a speedy determination of whether "the continued detention" and return of the parolee to prison is warranted. (*Morrissey* v. *Brewer, supra*, 408 U.S. 471, 489 [33 L.Ed.2d 484, 499].) The protection against "continued detention" afforded by the prerevocation hearing was unnecessary in the present case since petitioner was already serving a jail term for the firearms possession conviction when he was served with the notice of parole violations on May 17, 1973. We hold that petitioner cannot complain of the detention in the absence of a prerevocation hearing because he suffered no prejudice thereby since he was properly held as to at least one of the charged violations.

bedroom where the weapon was found. The Authority apparently disbelieved the claim that he was unaware the weapon was in the room. The facts simply do not show that the failure to hold a prerevocation hearing on count 2 in any way adversely affected petitioner's ability to contact witnesses or present exculpatory evidence.

■ Petitioner also contends the Authority's practice of suspending parole and refixing the parolee's term at maximum, pursuant to Adult Authority Resolution 171, without prior notice and hearing, deprives petitioner of procedural due process. Assuming the rescission of an order fixing sentence at less than maximum inflicts a serious loss of liberty requiring some variety of notice and hearing (*Morrissey* v. *Brewer, supra,* 408 U.S. 471, 481 [33 L.Ed.2d 484, 494]; *People* v. *Vickers* (1972) 8 Cal.3d 451, 456 [105 Cal.Rptr. 305, 503 P.2d 1313]; *In re Prewitt,* 8 Cal.3d 470, 474 [105 Cal.Rptr. 318, 503 P.2d 1326]), we find summary rescission is a permissible means of preserving the Authority's jurisdiction. (*People* v. *Vickers, supra,* 8 Cal.3d 451, 460, fn. 10.) The automatic and summary suspension under Resolution 171 is but an integral part of parole revocation proceedings which must comport with due process. Moreover, suspension is only provisional until the revocation proceeding is terminated in compliance with due process requirements. Accordingly, where revocation satisfies *Morrissey* standards, parole suspension and term refixing pursuant to Resolution 171 will also satisfy due process, if at the revocation hearing consideration is also given to whether the term should be refixed at maximum. Petitioner makes no showing that such consideration of term fixing was not given.

The order to show cause is discharged and the petition for the writ is denied.

McComb, J., Tobriner, J., Mosk, J., Sullivan, J., Clark, J., and Burke, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.