Filed 6/7/16  P. v. Fierros CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARTIN FIERROS,<br><br>    Defendant and Appellant. | 2d Crim. No. B265259<br>(Super. Ct. No. 2011035899)<br>(Ventura County) |

Martin Fierros was subject to postrelease community supervision (PRCS) when he was arrested.  (Pen. Code, § 3451.)  He had an informal probable cause hearing before a probation officer.  Subsequently, the trial court found him in violation of PRCS.  Fierros contends, among other things, that the trial court erred because the PRCS revocation process violates his right to due process.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Fierros was convicted of possession of a firearm by a felon with one prior.  (Former Pen. Code, § 12021, subd. (a)(1).)  He was sentenced to two years in state prison.

In 2012, Fierros was released on PRCS.

On April 18, 2015, Fierros was arrested for domestic battery.  The probation agency alleged he had committed numerous PRCS violations.

On April 20, 2015, a probable cause hearing was held before Probation Officer Venessa Meza. Meza found probable cause for finding that Fierros violated his PRCS conditions.

In the probation officer's written report for revocation of PRCS, the probation agency stated that Fierros was advised of his right to counsel, he denied the violation, "declined to accept" a "proposed sanction," and requested a court hearing.

On April 22, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS and scheduled a hearing date for May 14, 2015.

On May 14, 2015, Fierros's counsel filed a motion to dismiss the petition. Fierros claimed the revocation process violated his due process rights and cited *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*). On May 14, 2015, the trial court held a hearing on that motion. The court denied the motion. On May 19, 2015, Fierros appeared in court with his public defender and he admitted the PRCS violations. The court ordered him to serve 150 days in county jail with a total credit of 64 days.

On July 28, 2015, Fierros was arrested for falsifying documents to be used in evidence. (Pen. Code, § 134.) He received a probable cause hearing before Meza on July 29, 2015. Meza found probable cause that Fierros violated his PRCS conditions. Fierros was advised of his right to counsel. He denied the violations, declined to accept a proposed sanction, and requested a court hearing. The probation agency filed a petition for revocation of PRCS on August 5, 2015.

On August 13, 2015, Fierros filed a motion to dismiss the petition alleging the PRCS process violated his right to due process of law. On the same day, the trial court held a hearing on his motion. It denied the motion. The court found that: 1) Meza conducted a probable cause hearing that was compliant with *Morrissey v. Brewer* (1972) 408 U.S. 472 (*Morrissey*); 2) the parole procedures set forth in *Williams*, *supra*, 230 Cal.App.4th 636 do not apply to PRCS; and 3) there were "no violations of the defendant's due process rights."

2

On September 2 and 28, 2015, the trial court granted Fierros's request for continuances of the revocation hearing. On September 30, Fierros admitted that he violated PRCS. The trial court ordered him to serve 60 days in county jail.

DISCUSSION

Fierros contends, among other things, that: 1) the process used to revoke his PRCS violated his right to due process, 2) he did not have a *Morrissey*-compliant probable cause hearing, 3) the hearing conducted by Meza was not adequate, 4) Meza was not neutral, 5) Meza had no "genuine interest in determining if the allegations are supported by evidence," 6) Meza was attempting to "secure a waiver for the purpose of expediency," and 7) he was entitled to the procedures provided to parolees in *Williams* and under Proposition 9.

The PRCS procedures here do not violate Fierros's due process or equal protection rights. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404) After his arrest for violating PRCS conditions, Fierros received a prompt probable cause hearing. (*Id.* at p. 402.) The PRCS hearing officers who decide probable cause are neutral decision makers. (*Morrissey, supra*, 408 U.S. at p. 485 ["someone not directly involved in the case"]; *Gutierrez*, at p. 402.) PRCS procedures and Proposition 9 parole procedures are not required to be identical. (*Gutierrez*, at pp. 403-404.) There are valid justifications for the different procedures. (*Ibid.*) The trial court found Fierros's probable cause hearing complied with due process and the requisite statutory standards. At the hearing on Fierros's motion to dismiss the petition, Fierros's counsel made only a short oral argument. Fierros presented no evidence to support the factual assertions he is now making regarding how the hearing officer conducted the probable cause hearing. He did not introduce evidence to show that PRCS hearing officers at probable cause hearings are not neutral, that their findings are incorrect or unreliable, that the procedure is unfair, or that he was not afforded a prompt probable cause hearing after his arrest. He consequently is not in a position to challenge the trial court's finding that the probable cause hearings comply with *Morrissey* standards.

3

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing.  (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.)  Fierros makes no showing that a due process defect prejudiced him or affected the outcome of the PRCS revocation hearing.  (*In re Moore* (1975) 45 Cal.App.3d 285, 294.)  Fierros admitted the PRCS violations at the revocation hearing and he has served his custodial sanction.  He has not shown grounds for reversal.  (*In re Winn* (1975) 13 Cal.3d 694, 697-698; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238.)  We have reviewed Fierros's remaining contentions and we conclude he has not shown error.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:



PERREN, J.



TANGEMAN, J.

4

Charles W. Campbell, Donald D. Coleman, Ryan Wright, Judges

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Nathan Guttman, Deputy Attorney General, for Plaintiff and Respondent.