Filed 6/16/16  P. v. Webb CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CREAGH WEBB,<br><br>    Defendant and Appellant. | 2d Crim. No. B266587<br>(Super. Ct. No. 2020032632)<br>(Ventura County) |

Creagh Webb appeals from judgment after an order revoking his postrelease community supervision (PRCS).  (Pen. Code, § 3450 et seq.)[1]  He contends the revocation procedures employed by Ventura County violated his right to due process because he did not have a *Morrissey*-compliant[2] probable cause hearing before the court within 15 days of arrest.  He seeks an order reversing the trial court's denial of his motion to dismiss.  We affirm.

FACTUAL BACKGROUND

In 2011, Webb was convicted after plea of guilty to driving under the influence causing injury (Veh. Code, § 23153, subd. (a)).  In a separate case, he was convicted of identity theft (§ 530.5, subd. (a)).  The trial court sentenced Webb to consecutive prison terms.

_____

[1] All statutory references are to the Penal Code unless otherwise stated.
[2] *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).

Webb was released in 2012 on PRCS following realignment.  The Ventura County Probation Agency is his supervising agency.  As a condition of release, he agreed to report to probation as directed, to not use drugs or controlled substances, to not associate with persons using or trafficking in drugs or controlled substances, to submit to drug testing, and to participate in drug treatment as directed.  He also agreed the probation agency could, without a court hearing, order "flash incarceration" in a county jail for up to 10 days if he violated the conditions of his release.  (§ 3453, subd. (q).)

In June 2015,[3] Webb failed to report to a scheduled appointment with probation.  The same month, he tested positive for codeine and morphine, admitted using heroin, and was contacted while asking another known user for "dope."  Webb also did not report for drug testing and did not re-enroll in drug treatment as directed.  These acts collectively resulted in revocation proceedings for his sixth violation of PRCS.

Webb was taken into custody on June 14.  The next day, Senior Deputy Probation Officer Venessa Meza met with Webb.  Meza conducted an administrative probable cause hearing, and concluded there was probable cause to believe that Webb violated the terms of PRCS.  She advised Webb of his right to be represented by an attorney.

On June 19, the probation agency filed a revocation petition.  The hearing was set for July 2.

On the day of the hearing, Webb moved (through counsel) to dismiss the petition for revocation and for release based upon an alleged violation of due process.  He argued he was entitled to arraignment before a court within 10 days of arrest and a probable cause hearing before a court within 15 days of arrest.

The trial court denied Webb's motion to dismiss and heard the revocation petition.  Webb submitted on the probation officer's report.  The trial court found him in violation of PRCS and ordered him to serve a jail sentence.

---

[3] All future dates are in the year 2015.

## DISCUSSION

### *Due Process Requirements*

Revocation of supervised release deprives a person of a conditional liberty interest, and may only be had with due process protections. (*Morrissey*, *supra*, 408 U.S. at p. 482 [parole revocation]; *People v. Vickers* (1972) 8 Cal.3d 451, 458 (*Vickers*) [probation revocation].)

To conform to due process, revocation of conditional release requires a two-step process: (1) an initial determination of probable cause to justify temporary detention; and (2) a formal revocation hearing to determine whether the facts warrant revocation. (*Morrissey*, *supra*, 408 U.S. at p. 485; *Vickers*, *supra*, 8 Cal.3d at p. 456.) It is undisputed that the formal revocation hearing complied with *Morrissey* and *Vickers* in this case.

### *The Probable Cause Hearing*

The probable cause determination is a "minimal inquiry," made near the place of arrest "as promptly as convenient after arrest." (*Morrissey*, *supra*, 408 U.S. at p. 485.) It need not be made by a judicial officer; it may be made by any qualified person "not directly involved in the case." (*Id.* at pp. 485-486 [probable cause determination for parole revocation may be made by a parole officer other than the officer who reports the violation or recommends revocation]; *Vickers*, *supra*, 8 Cal.3d at pp. 456-457.) To conform to due process, the probable cause determination must be preceded by notice of the hearing and the alleged violations, and must provide an opportunity for the supervised person to speak on his own behalf, present evidence, and question adverse witnesses. (*Morrissey*, at pp. 485-486; *Vickers*, at pp. 456-457.) The officer who determines probable cause must summarize what occurs at the hearing, but need not make formal findings of fact and law. (*Morrissey*, at p. 487; *Vickers*, at p. 457.)

Webb complains that the probable cause hearing conducted by Meza was "nothing more than a pro forma, ex-parte interview" and that "there is nothing in the record to suggest that a fact-finding determination was held." But these arguments advanced on appeal were not made to the trial court. Arguments not raised below are

3

forfeited.  (*People v. Hartshorn* (2012) 202 Cal.App.4th 1145, 1151.)  And, in any event, we decline to exercise our discretion to review forfeited issues because, as explained below, Webb has failed to demonstrate prejudice in view of the court's findings at the formal revocation hearing.  For the same reasons, we do not address Webb's arguments regarding the effect of Proposition 9, the Victims' Bill of Rights Act of 2008:  Marsy's Law.

*Webb Has Failed to Demonstrate Prejudice*

Webb argues that his due process rights were violated at the probable cause phase, prior to the formal revocation hearing.  But the underlying problem with his appeal is this:  No matter what due process violation is claimed, he makes no showing of prejudice at the formal revocation hearing.  He submitted at the revocation hearing and has now served his sentence.

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless the violation results in prejudice at the revocation hearing.  (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.)  But Webb makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.)  Because he was found in violation and has served the custodial sanction "there is nothing for us to remedy, even if we were disposed to do so."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.                                        PERREN, J.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.