Filed 6/21/16  P. v. Delgado CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEREMY LEE DELGADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B266801<br>(Super. Ct. No. 2013001146)<br>(Ventura County) |

Jeremy Lee Delgado appeals from judgment after an order revoking his postrelease community supervision (PRCS).  (Pen. Code, § 3450 et seq.)[1]  He contends the revocation procedures employed by Ventura County violated his right to due process because:  he was not provided with counsel at his probable cause hearing before the supervising agency; was not brought before the court for arraignment within 10 days of arrest; did not have a probable cause hearing before the court within 15 days of arrest; a probation officer asked him to waive his rights before the revocation petition was filed; and a probation officer (rather than a judicial officer) served as the probable cause hearing officer.  We affirm.

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

## FACTUAL BACKGROUND

In 2013, Delgado was convicted after plea of guilty to unlawful possession of a firearm (§ 30305, subd. (a)(1)), receiving stolen property (§ 496, subd. (a)), evading an officer (Veh. Code, § 2800.2, subd. (a)), and unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)). The trial court sentenced Delgado to a two-year prison term.

Delgado was released in 2014 on PRCS following realignment. The Ventura County Probation Agency is his supervising agency. As a condition of release, he agreed to report to probation as directed, maintain a residence with a street address as approved by probation, not to use or possess narcotics or controlled substances, and to consent to drug testing. He also agreed the probation agency could, without a court hearing, order "flash incarceration" in a county jail for up to 10 days if he violated the conditions of his release. (§ 3453, subd. (q).)

Delgado failed to report to probation for his scheduled appointment of June 22, 2015.[2] On June 25, a probation officer spoke with him and Delgado agreed to report that day, but he failed to do so. The owner of the sober living residence where Delgado resided advised probation that Delgado left the residence on June 22, and never returned. Delgado admitted using methamphetamine on June 18, and failed to report for drug testing on June 22, 24, and 25. He was arrested for violating the terms of PRCS.

On June 29, Senior Deputy Probation Officer Venessa Meza met with Delgado. Meza advised Delgado in writing that he had the right to written notice of the alleged violations, the right to an administrative hearing within two business days, and the right at that hearing to speak on his own behalf and present letters and documents. Meza conducted an administrative probable cause hearing, and concluded there was probable cause to believe that Delgado violated the terms of PRCS. Meza advised Delgado of his right to a formal revocation hearing at which he would have the right to be represented by an attorney, the right to call and confront witnesses, and the right to testify or remain silent. Delgado refused to waive his rights.

---

[2] All future dates are in the year 2015.

Six days after Delgado's arrest, the probation agency filed a revocation petition.  The hearing was set for 20 days after Delgado's arrest.

On the day before the hearing, Delgado moved (through counsel) to dismiss the petition for revocation and for release based upon an alleged violation of due process. He argued he was entitled to arraignment before a court within 10 days of arrest and a probable cause hearing before a court within 15 days of arrest.

The trial court denied Delgado's motion to dismiss and heard the revocation petition.  Delgado submitted on the probation officer's report.  The trial court found him in violation of PRCS and ordered him to serve a 90-day jail sentence.

DISCUSSION

*Due Process Requirements*

Revocation of supervised release deprives a person of a conditional liberty interest, and may only be had with due process protections.  (*Morrissey v. Brewer* (1972) 408 U.S. 471, 482 (*Morrissey*) [parole revocation]; *People v. Vickers* (1972) 8 Cal.3d 451, 458 (*Vickers*) [probation revocation].)

To conform to due process, revocation of conditional release requires a two-step process:  (1) an initial determination of probable cause to justify temporary detention; and (2) a formal revocation hearing to determine whether the facts warrant revocation.  (*Morrissey*, *supra*, 408 U.S. at p. 485; *Vickers*, *supra*, 8 Cal.3d at p. 456.)  It is undisputed that the formal revocation hearing complied with *Morrissey* and *Vickers* in this case.

*The Probable Cause Hearing*

The probable cause determination is a "minimal inquiry," made near the place of arrest "as promptly as convenient after arrest."  (*Morrissey*, *supra*, 408 U.S. at p. 485.)  It need not be made by a judicial officer; it may be made by any qualified person "not directly involved in the case."  (*Id.* at pp. 485-486 [probable cause determination for parole revocation may be made by a parole officer other than the officer who reports the violation or recommends revocation]; *Vickers*, *supra*, 8 Cal.3d at pp. 456-457.)  To conform to due process, the probable cause determination must be preceded by notice of

3

the hearing and the alleged violations, and must provide an opportunity for the supervised person to speak on his own behalf, present evidence, and question adverse witnesses. (*Morrissey*, at pp. 485-486; *Vickers*, at pp. 456-457.)  The officer who determines probable cause must summarize what occurs at the hearing, but need not make formal findings of fact and law.  (*Morrissey*, at p. 487; *Vickers*, at p. 457.)

Meza conducted a *Morrissey*-compliant administrative probable cause hearing.  Three days after arrest, she gave Delgado written notice of the claimed violations and an opportunity to be heard.  Meza advised him of his rights and found cause to believe he was in violation of PRCS.  Meza was sufficiently "neutral and detached" to make the determination because she was not "directly involved in the case." (*Morrissey*, *supra*, 408 U.S. at pp. 485-486.)  Another probation officer prepared the report in support of revocation, and there has been no showing that Meza was involved in the arrest.

Delgado was not entitled to counsel at the probable cause hearing because it was a summary proceeding, not a formal proceeding.  (*Vickers*, *supra*, 8 Cal.3d at pp. 461-462.)  Under *Vickers*, a probationer is entitled to counsel for "formal proceedings for the revocation of probation," although *Vickers* also states that counsel is required "at all revocation proceedings other than at summary proceedings had while probationer remains at liberty after absconding."  (*Id*. at p. 461.)  In *Vickers*, all proceedings were court proceedings following the initiation of a petition to revoke probation in contrast to proceedings before the "supervising agency" during the statutorily authorized "flash incarceration" period.  Moreover, the record reveals that Delgado was provided with counsel at the first court proceeding on July 16.  There is no requirement that counsel be provided at the administrative probable cause hearing.

*Williams v. Superior Court Does Not Apply to PRCS Revocations*

In *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*William*s), the court applied the *Morrissey* and *Vickers* safeguards to the post-realignment statutory framework for parole revocation.  It concluded that revocation of parole conforms to due process if the parolee is arraigned within 10 days of arrest and afforded a judicial

4

probable cause hearing within 15 days of arrest and a formal revocation hearing within 45 days of arrest.  (*Id.* at p. 643.)  But its decision was guided by statutes that do not apply to PRCS.  (*Id.* at pp. 657-658, 662; §§ 3000.08, 3044.)  Section 3000.08, subdivision (c) provides that an officer with probable cause to believe "a parolee" is violating a condition of release may arrest the person and "bring him or her before the court."  In contrast, section 3455, subdivision (b)(1) provides that an officer with probable cause to believe a person subject to PRCS is violating a condition of release may arrest the person and "bring him or her before the supervising county agency."  Section 3044, subdivision (a)(1) and (2) provides that the "parolee shall be entitled to a probable cause hearing no later than 15 days following his or her arrest for violation of parole," and a formal revocation hearing no later than 45 days after arrest.  There are no corresponding requirements for persons arrested for violation of PRCS.  Section 3455 provides that a person arrested for violating PRCS shall be brought "before the supervising agency," and any petition for revocation must be heard "within a reasonable time."

*Delgado Has Failed to Demonstrate Prejudice*

Delgado argues that his due process rights were violated in many respects, including those assertions addressed above.  But the underlying problem with his appeal is this:  No matter what due process violation is claimed, he makes no showing of prejudice at the formal revocation hearing.  He submitted at the revocation hearing and has now served his sentence.

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless the violation results in prejudice at the revocation hearing.  (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.)  But Delgado makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.)  Because he was found in violation and has served the custodial sanction "there is nothing for us to remedy, even if we were disposed to do so."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

5

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


TANGEMAN, J.

We concur:



GILBERT, P. J.



YEGAN, J.

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.