Filed 6/22/16  P. v. Romo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>YAIR ROMO,<br><br>　　Defendant and Appellant. | 2d Crim. No. B265986<br>(Super. Ct. No. 2010032819)<br>(Ventura County) |

Yair Romo appeals from judgment after an order revoking his postrelease community supervision (PRCS).  (Pen. Code, § 3450 et seq.)[1]  He contends the revocation order is invalid because there is no written waiver of counsel.  He seeks an order vacating the revocation order.  We affirm.

FACTUAL BACKGROUND

In 2011, Romo was convicted after plea of guilty to false imprisonment by violence.  (§ 236.)  He was sentenced to prison.

Romo was released in 2015 on PRCS following realignment.  The Ventura County Probation Agency is his supervising agency.  As a condition of release, he agreed to obey all laws, attend domestic violence classes, not use or possess drugs or narcotics, and not alter or adulterate drug test samples.  He also agreed the probation agency could,

---

[1] All statutory references are to the Penal Code unless otherwise stated.

without a court hearing, order "flash incarceration" in a county jail for up to 10 days if he violated the conditions of his release.  (§ 3453, subd. (q).)

In May 2015,[2] Romo provided a fake urine sample to his probation officer. The officer observed him pour a liquid from a bag concealed in his pants into the provided urine cup.  He then admitted using methamphetamine.  He also had two unexcused absences from his domestic violence classes.

Romo was taken into custody on May 19.  On May 20, Senior Deputy Probation Officer Venessa Meza met with Romo.  Meza advised Romo of his right to counsel and conducted an administrative probable cause hearing.  Meza concluded there was probable cause to believe that Romo violated the terms of PRCS.  Romo agreed to a period of confinement of 120 days in county jail.

On May 28, the probation agency filed a revocation petition.  The hearing was set for June 11.

On the date of the hearing, Romo moved (through counsel) to vacate his waiver of a revocation hearing because he signed the waiver before the petition for revocation was filed.  He argued that section 3455 requires that the waiver follow the filing of the petition.

The trial court denied Romo's motion to vacate and heard the revocation petition.  Romo submitted on the probation officer's report.  The trial court found him in violation of PRCS and ordered him to serve 120 days in county jail.

DISCUSSION

*The Record Does Not Support Romo's Argument*

On appeal, Romo argues that his waiver of counsel was not in writing, as required by sections 1203.2, subdivision (b)(2) and 3455.  He emphasizes that those sections expressly refer to written waivers.

But the record does not support Romo's argument.  Instead, the record is replete with references to his signed waiver.  During the revocation hearing, Romo

---

[2] All future dates are in the year 2015.

responded to a question by admitting that he signed a waiver. When defense counsel stated that he had not seen it, Meza confirmed that she had a copy. She was directed by the court to show the copy of the waiver to the parties. And in his notice of appeal, Romo complains that the trial court "approved a waiver signed by appellant" over his objection.

The record is sufficient to permit adequate and effective appellate review. Romo does not meet his burden to demonstrate otherwise. (*People v. Elliot* (2012) 53 Cal.4th 535, 595.) Romo did not apply for augmentation to the record. (Cal. Rules of Court, rules 8.324(b), 8.340(b).) Here the record contains multiple references to a signed waiver. Romo fails to explain how he has been prejudiced by the absence of the signed waiver in the record.

### Romo Forfeited His Waiver Argument by Failing to Raise It Below

Romo appeals from the order revoking his PRCS because no written waiver exists. But this is not the argument he made to the trial court. Instead, he argued below that "he unfortunately signed a waiver without the benefit of counsel" before the revocation petition was filed.

Arguments raised for the first time on appeal are forfeited. (*People v. Hartshorn* (2012) 202 Cal.App.4th 1145, 1151.) We decline to exercise our discretion to review forfeited issues because the record contradicts Romo's argument that no written waiver exists, and because Romo fails to demonstrate prejudice in view of the court's findings at the formal revocation hearing.

Reversal is not warranted unless the violation of rights results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) Romo makes no showing that any defect in the timing of signing the waiver prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Because he was found in violation and has served the custodial sanction "there is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

3

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


                    TANGEMAN, J.

We concur:



GILBERT, P. J.



YEGAN, J.

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., and Shawn McGahey Webb, Supervising Deputy Attorneys General, for Plaintiff and Respondent.