Filed 6/22/16  P. v. Salas CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KATHERINE H. SALAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B267113<br>(Super. Ct. No. 2011028508)<br>(Ventura County) |

Katherine H. Salas appeals from judgment after an order revoking her postrelease community supervision (PRCS).  (Pen. Code, § 3450 et seq.)[1]  She contends the revocation procedures employed by Ventura County violated her right to due process because she did not have a *Morrissey*-compliant[2] probable cause hearing before the court within 15 days of arrest.  She seeks an order reversing the trial court's denial of her motion to dismiss.  We affirm.

## FACTUAL BACKGROUND

In 2011, Salas was convicted after plea of guilty to felony elder abuse (§ 368, subd. (b)(1)).  The trial court granted formal probation.  After she admitted violating probation, she was sentenced to prison in 2013.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).

Salas was released in 2013 on PRCS following realignment. The Ventura County Probation Agency is her supervising agency. As a condition of release, she agreed to not consume alcohol. She also agreed the probation agency could, without a court hearing, order "flash incarceration" in a county jail for up to 10 days if she violated the conditions of her release. (§ 3453, subd. (q).)

In August 2015,[3] Salas reported to her scheduled office appointment and submitted to alcohol testing. She tested positive and registered at .05 percent blood alcohol content. This was her sixth violation of PRCS.

Salas was taken into custody on August 6. On August 10, Supervising Deputy Probation Officer Michelle Larson met with Salas. Larson advised Salas of her rights, including her right to counsel and a revocation hearing, and conducted an administrative probable cause hearing. Larson concluded there was probable cause to believe that Salas violated the terms of PRCS. Salas refused to waive her rights and requested a formal revocation hearing.

On August 12, the probation agency filed a revocation petition. The hearing was set for August 20.

On the date of the hearing, Salas moved (through counsel) to dismiss the petition for revocation and for release based upon an alleged violation of due process. She argued she was entitled to arraignment before a court within 10 days of arrest and a probable cause hearing before a court within 15 days of arrest.

The trial court denied Salas's motion to dismiss and heard the revocation petition. Salas submitted on the probation officer's report. The trial court found her in violation of PRCS and ordered her to serve a jail sentence.

DISCUSSION

*Due Process Requirements*

Revocation of supervised release deprives a person of a conditional liberty interest, and may only be had with due process protections. (*Morrissey*, *supra*, 408 U.S.

---

[3] All future dates are in the year 2015.

at p. 482 [parole revocation]; *People v. Vickers* (1972) 8 Cal.3d 451, 458 (*Vickers*) [probation revocation].)

To conform to due process, revocation of conditional release requires a two-step process: (1) an initial determination of probable cause to justify temporary detention; and (2) a formal revocation hearing to determine whether the facts warrant revocation. (*Morrissey*, *supra*, 408 U.S. at p. 485; *Vickers*, *supra*, 8 Cal.3d at p. 456.) It is undisputed that the formal revocation hearing complied with *Morrissey* and *Vickers* in this case.

### *The Probable Cause Hearing*

The probable cause determination is a "minimal inquiry," made near the place of arrest "as promptly as convenient after arrest." (*Morrissey*, *supra*, 408 U.S. at p. 485.) It need not be made by a judicial officer; it may be made by any qualified person "not directly involved in the case." (*Id.* at pp. 485-486 [probable cause determination for parole revocation may be made by a parole officer other than the officer who reports the violation or recommends revocation]; *Vickers*, *supra*, 8 Cal.3d at pp. 456-457.) To conform to due process, the probable cause determination must be preceded by notice of the hearing and the alleged violations, and must provide an opportunity for the supervised person to speak on his own behalf, present evidence, and question adverse witnesses. (*Morrissey*, at pp. 485-486; *Vickers*, at pp. 456-457.) The officer who determines probable cause must summarize what occurs at the hearing, but need not make formal findings of fact and law. (*Morrissey*, at p. 487; *Vickers*, at p. 457.)

Salas complains that the probable cause hearing conducted by Larson was an "ex parte proceeding[] designed to secure a waiver and, not a genuine fact-finding proceeding.") But these arguments advanced on appeal were not made to the trial court. Arguments not raised below are forfeited. (*People v. Hartshorn* (2012) 202 Cal.App.4th 1145, 1151.)

In any event, we decline to exercise our discretion to review forfeited issues because, as explained below, Salas has failed to demonstrate prejudice in view of the court's findings at the formal revocation hearing. For the same reasons, we do not

address Salas's arguments regarding the effect of Proposition 9, the Victims' Bill of Rights Act of 2008: Marsy's Law.

*Salas Has Failed to Demonstrate Prejudice*

Salas argues that her due process rights were violated at the probable cause phase, prior to the formal revocation hearing. But the underlying problem with her appeal is this: No matter what due process violation is claimed, she makes no showing of prejudice at the formal revocation hearing. She submitted at the revocation hearing and has now served her sentence.

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless the violation results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) But Salas makes no showing that any due process defect prejudiced her or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Because she was found in violation and has served the custodial sanction "there is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

      Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

      Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.