Filed 8/16/16  P. v. Stermer CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUDOLPH STERMER,<br><br>    Defendant and Appellant. | 2d Crim. No. B267473<br>(Super. Ct. No. 2011015483)<br>(Ventura County) |

Rudolph Stermer appeals from judgment after an order revoking his postrelease community supervision (PRCS).  (Pen. Code, § 3450 et seq.)[1]  He contends the revocation procedures employed by Ventura County violated his right to due process because he did not have a *Morrissey*-compliant[2] probable cause hearing before the court within 15 days of arrest.  We affirm.

FACTUAL BACKGROUND

In 2011, Stermer was convicted after plea of guilty to driving under the influence with prior convictions (Veh. Code, §§ 23152, subd. (a), 23550) and admission of a prison prior (§ 667, subd. (b)).  He was sentenced to 16 months in prison.

Stermer was released in 2012 on PRCS following realignment.  The Ventura County Probation Agency is his supervising agency.  As a condition of release,

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).

he agreed to not consume alcohol. He also agreed the probation agency could, without a court hearing, order "flash incarceration" in the county jail for up to 10 days if he violated the conditions of his release. (§ 3453, subd. (q).)

On August 13, 2015,[3] Stermer admitted drinking alcohol on August 4 and 7. On August 20, he admitted drinking a "pint of vodka." He tested positive and registered at .108 percent blood alcohol content.

Stermer was taken into custody on August 20. On August 24, probation offered Stermer a six-month residential treatment program, which he declined. On the same day, Senior Deputy Probation Officer Venessa Meza met with Stermer. Meza advised him of his rights, including his right to counsel and a revocation hearing, and conducted an administrative probable cause hearing. Meza concluded there was probable cause to believe that he violated the terms of PRCS. Stermer refused to waive his rights and requested a formal revocation hearing.

On September 2, the probation agency filed a revocation petition. The hearing was set for September 10.

On the date of the hearing, Stermer moved (through counsel) to dismiss the petition for revocation and for release based upon an alleged violation of due process. The trial court denied Stermer's motion to dismiss and heard the revocation petition. Stermer submitted on the probation officer's report. The trial court found him in violation of PRCS and ordered him to serve a jail sentence.

DISCUSSION

*Due Process Requirements*

Revocation of supervised release deprives a person of a conditional liberty interest, and may only be had with due process protections. (*Morrissey*, *supra*, 408 U.S. at p. 482 [parole revocation]; *People v. Vickers* (1972) 8 Cal.3d 451, 458 (*Vickers*) [probation revocation].)

---

[3] All future dates are in the year 2015.

2

To conform to due process, revocation of conditional release requires a two-step process: (1) an initial determination of probable cause to justify temporary detention; and (2) a formal revocation hearing to determine whether the facts warrant revocation. (*Morrissey*, *supra*, 408 U.S. at p. 485; *Vickers*, *supra*, 8 Cal.3d at p. 456.) It is undisputed that the formal revocation hearing complied with *Morrissey* and *Vickers* in this case.

*The Probable Cause Hearing*

The probable cause determination is a "minimal inquiry," made near the place of arrest "as promptly as convenient after arrest." (*Morrissey*, *supra*, 408 U.S. at p. 485.) It need not be made by a judicial officer; it may be made by any qualified person "not directly involved in the case." (*Id.* at pp. 485-486 [probable cause determination for parole revocation may be made by a parole officer other than the officer who reports the violation or recommends revocation]; *Vickers*, *supra*, 8 Cal.3d at pp. 456-457.)

Stermer complains that the probable cause conducted by Meza was an "ex parte process carried out by a probation officer to secure a waiver of rights under section 3455, subdivision (a), and was not a true fact-finding probable cause hearing." He argues that having a different probation officer than the one who drafted the report as a hearing officer "is immaterial" because "[b]oth probation officers have the same agenda in obtaining an early modification of supervision . . . ." But Stermer offers no evidence in support of his argument. He was present at the administrative hearing and notified of the violations. He also "read and understood the PROS Advisement of Rights and Acknowledgment of Revocation Forms." There is no evidence that he disputed or contested probable cause. Instead, he was "honest with probation regarding his consumption and addiction."

*Morrissey* expressly allows the use of other supervising agency officers in the role of independent probable cause hearing officers: "It will be sufficient, therefore, in the parole revocation context, if an evaluation of whether reasonable cause exists to believe that conditions of parole have been violated is made by someone such as a parole officer other than the one who has made the report of parole violations or has

3

recommended revocation." (*Morrissey*, *supra*, 408 U.S. at p. 486.)  Here, a different probation officer reported the violations and recommended the custodial sanction.

Moreover, these arguments advanced on appeal were not made to the trial court.  Arguments not raised below are forfeited.  (*People v. Hartshorn* (2012) 202 Cal.App.4th 1145, 1151.)  In any event, we decline to exercise our discretion to review forfeited issues because, as explained below, Stermer has failed to demonstrate prejudice in view of the court's findings at the formal revocation hearing.  For the same reasons, we do not address his arguments regarding the effect of Proposition 9, the Victims' Bill of Rights Act of 2008:  Marsy's Law.

### *Stermer Has Failed to Demonstrate Prejudice*

Stermer argues that his due process rights were violated at the probable cause phase, prior to the formal revocation hearing.  He submitted at the revocation hearing and has now served his sentence.

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless the violation results in prejudice at the revocation hearing.  (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.)  Stermer makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.)  Because he was found in violation and has served the custodial sanction "there is nothing for us to remedy, even if we were disposed to do so."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.

PERREN, J.

4

Gilbert A. Romero, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Timothy O'Hair, Deputy Attorney General, for Plaintiff and Respondent.